UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

_____

In re

John F. Stowe

        Debtor

_____

Tayla Nixon Site Developers, Inc.

        Plaintiff,

v.

John F. Stowe

        Defendant.

_____

Case No. 11-10931
Chapter 13

Adv. Pro. No. 11-01139 - LHK

MEMORANDUM OF DECISION

Plaintiff moves for summary judgment in this adversary proceeding, relying upon the res judicata effect of a New Hampshire state court final order. The adversary proceeding requests a nondischargeability determination pursuant to 11 U.S.C. § 523 (a)(2)(A) and (a)(4). This memorandum contains my findings of fact and conclusions of law.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(applicable by virtue of Fed. R. Bank. P. 7056); see also Rosenberg v. City of Everett, 328 F.3d 12, 17 (1st Cir. 2003).

> The role of summary judgment is to look behind the facade erected by the pleadings and assay the parties' proof in order to determine whether a trial will serve any useful purpose. Conventional summary judgment practice requires the

> moving party to assert the absence of a genuine issue of material fact and then support that assertion by affidavits, admissions, or other materials of evidentiary quality. Once the movant has done its part, the burden shifts to the summary judgment target to demonstrate that a trialworthy issue exists. . . .
>
> In conducting this tamisage, the . . . court must scrutinize the record in the light most flattering to the party opposing the motion, indulging all reasonable inferences in that party's favor. This standard is notoriously liberal--but its liberality does not relieve the nonmovant of the burden of producing specific facts sufficient to deflect the swing of the summary judgment scythe. Moreover, the factual conflicts relied upon by the nonmovant must be both genuine and material. For this purpose, "genuine" means that the evidence is such that a reasonable factfinder could resolve the point in favor of the nonmoving party, and "material" means that the fact is one that might affect the outcome of the suit under the applicable law.

Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003) (internal citations omitted). Here, the Debtor has not challenged the state court judgment. Thus, there are no issues of material fact and this matter is ripe for summary judgment.

Under the full faith and credit statute, 28 U.S.C. §1738, a federal court should award the same preclusive effect to a state court judgment that the state court would give it. There are two kinds of res judicata effect that a prior judgment may have: claim preclusion and issue preclusion. Claim preclusion requires (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions. In re Colonial Mortgage Bankers Corp., 324 F. 3d 12, 16 (1st Cir. 2003). Here, the causes of action were not the same, as the state court did not litigate the dischargeability of the debt. Issue preclusion applies when (1) a final judgment on the merits was entered in the prior case; (2) the party against whom preclusion is asserted was a party (or in privity with a party) in the case; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication. Additionally, the issue decided in the prior case must have been essential to the earlier judgment. See In re Sonus Networks, Inc,

Shareholder Derivative Litigation, 499 F.3d 47, 58 (1st Cir. 2007).   Issue preclusion applies in this case because there was a final judgment in the state court involving the same parties and issues to be precluded; and those issues were essential to the state court judgment.

Under § 523 (a)(4), a debt may be nondischargeable if it arises out of embezzlement or larceny.   Those terms are historically creatures of state common law and are not defined in the Bankruptcy Code, but working definitions have developed from nondischargeability litigation in bankruptcy courts.

> "[L]arceny" means the fraudulent and wrongful taking and carrying away of the property of another with intent to convert such property to the taker's use without the consent of the owner.   And "embezzlement" is the fraudulent appropriation of property of another by a person to whom that property had been entrusted or into whose hands it has lawfully come.   Embezzlement differs from larceny in that the original taking was lawful.   Both larceny and embezzlement require the taking of another's property.

In re Zanetti-Gierke, 212 B.R. 375, 381 (Bankr, D. Kansas 1997)(internal citations omitted).

In this case, the state court conducted a four day evidentiary hearing on the Plaintiff's allegations of intentional torts, fraud, and breach of fiduciary duty and awarded the Plaintiff $284,379.99 in damages.   The state court described the Debtor's conduct as "a pernicious pattern of deceit and embezzlement."   Its order contains numerous findings justifying a conclusion that the Debtor committed larceny and embezzlement within the meaning of § 523 (a)(4) as follows: The Plaintiff hired the Debtor as its bookkeeper.   His duties were to pay subcontractors, manage payroll, obtain worker's compensation insurance, and maintain the Plaintiff's books.   The Debtor was not an authorized signatory on Plaintiff's checks, but he maintained possession of the Plaintiff's checkbook.   During a period of over 1 ½ years, he forged signatures on numerous business checks, and used the Plaintiff's funds for personal expenses.   He also "forged signatures

3

on checks for legitimate expenses in an effort to convince bank employees that the forged signatures were authentic."  State court final order, p. 4.

The Debtor also interfered with a contract the Plaintiff signed with the Boys and Girls Club for the demolition of a building.  Instead of managing the contract, the Debtor arranged for his own corporation to receive payment for the job.

The Debtor changed payroll companies at least three times during the 1 ½ years he worked for the Plaintiff in an effort to hide the theft of company funds.

The Debtor stole Plaintiff's funds by arranging for some of Plaintiff's employee to work at his brother's home, paying them partially in cash and partially with Plaintiff's checks.

I conclude on the basis of issue preclusion that Plaintiff's claim in this proceeding arose from larceny and embezzlement and is not dischargeable under § 523 (a)(4).

The Plaintiff also seeks judgment with respect to § 523(a)(2)(A).  The elements of a nondischargeable debt for fraud under that provision are that the debtor (1) makes a false representation; (2) with fraudulent intent; (3) intending to induce plaintiff to rely on the misrepresentation; (4) the misrepresentation does induce reliance; (5) the reliance is justifiable; and (6) which causes damage.  Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. 1997).  Evidence supporting these aspects is also present.    The state court found:

> the [Debtor] held himself out as a businessman experienced in managing the finances of large companies.  He convinced [Plaintiff] to convert his current billing system to a computerized system for managing finances.  This change enabled [Debtor] to hide many forgeries by altering computer documents to eliminate entries that would have revealed [Debtor's] misuse of funds.

State court final order, p. 5.  Therefore I conclude that the Plaintiff's claim in the amount determined by the state court is nondischargeable under § 523(a)(2)(A).

Plaintiff's motion for summary judgment is granted.  The Debtor's obligation to the

4

Plaintiff in the amount of $284,379.99 is nondischargeable.   A separate judgment will enter.

December 7, 2012

/s/ Louis H. Kornreich
_____
Louis Kornreich, Judge
U.S. Bankruptcy Court
Sitting by designation